UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL NO. |
| | § | |
| LOT 26, BLOCK 1, MEADOWVIEW | § | |
| FARMS, SECTION II, HARRIS | § | |
| COUNTY, TEXAS | § | |
| Defendant. | § | |

VERIFIED COMPLAINT FOR CIVIL FORFEITURE
IN REM AND NOTICE TO POTENTIAL CLAIMANTS

The United States of America, Plaintiff, files this action for forfeiture in rem against the above-captioned defendant real property, which is further described below. The United States alleges on information and belief as follows:

JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. The defendant property is located in the Southern District of Texas and is within the jurisdiction of this Court.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391(b) and 1395.

THE DEFENDANT PROPERTY

3. The Defendant Property is real property in Houston, Texas, together with all improvements, buildings, structures and appurtenances, which is legally described as follows:

> Lot Twenty-Six (26), in Block One (1) of Meadowview Farms, Sec. 2, a subdivision in Harris County, Texas according to the map or plat thereof, recorded in Film Code No. 560133 of the Map Records of Harris County, Texas.

The record owner of the Defendant Property is Brenda Martinez.

## STATUTORY BASIS FOR FORFEITURE

4. This is a civil action in rem brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to ... any offense constituting 'specified unlawful activity' (as defined in [18 U.S.C.] section 1956(c)(7) of this title), or a conspiracy to commit such offense."  The felonious taking and carrying away, with intent to steal or purloin, any property of money or any other thing of value exceeding $1,000 in the care, custody and control of any bank, or in such savings and loan association, in violation of 18 U.S.C. § 2113(b) (bank robbery) constitutes a "specified unlawful activity" under 18 U.S.C. § 1956(c)(7)(D).

5. This action is also brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 [of Title 18], or any property traceable to such property." Title 18 U.S.C. § 2113(b) constitutes a "specified unlawful activity" under 18 U.S.C. § 1956(c)(7)(D). Conducting a financial transaction involving more than $10,000 in proceeds of specified unlawful activity is money laundering in violation of 18 U.S.C. § 1957.

6. The Defendant Property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) as real property which constitutes or is derived from, in whole or in part, proceeds traceable to specified unlawful activity, including but not limited to violations of 18 U.S.C. § 2113(b) (bank robbery).

7. The Defendant Property is also subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) as real property involved in, or traceable to, money laundering in violation of 18 U.S.C. § 1957.

## FACTS

8. The United States alleges that on or about July 22, 2018, Ricky Orlando Garcia (hereinafter "Garcia") was involved in the robbery of numerous safe-deposit boxes in the control, care and custody of Woodforest National Bank, 3101 West Davis St, Conroe, Texas. According to the bank's customer reports, several gold and silver coins, jewelry, cash and bonds were stolen from over sixty safe-deposit boxes to include forty (40) 1 oz. U.S. Gold Buffalo coins, Gold Eagle coins, Credit Suisse bars and approximately $429,000.00 in U.S. currency.

9. On or about August 10, 2018, Brenda Martinez (hereinafter "Martinez"), an associate of Garcia, went to Houston Precious Metals to sell various gold items. Houston Precious Metals issued a check to Martinez for $14,055.00 based on the exchange of 233.77g of 88% gold, 227.99g of 18k gold, and 15.46g of 38% gold.

10. On or about August 13, 2018, Martinez returned to Houston Precious Metals and sold various additional gold items. Houston Precious Metals issued a check

to Martinez for $30,368.00 based on the exchange of five (5) 916 gold 1 oz. Gold Eagle coins, and twenty-one (21) 999 gold 1 oz. Gold Buffalo coins.

11. On or about August 23, 2018, Martinez purchased the Defendant Property for a contract sale price of $155,000.00. Martinez paid a total of $155,963.23 for the Defendant Property, including closing costs, taxes and other fees. Funds used to purchase Defendant Property consisted of $99,900.00 cash, two Houston Precious Metals checks totaling $44,423.00, and money orders.

12. Garcia is incarcerated at the Montgomery County Jail and has an extensive criminal history. Recorded telephone calls between Garcia and Martinez following his arrest in 2019 indicate that Garcia provided Martinez the money to purchase the Defendant Property.

13. Texas Workforce Commission (hereafter "TWC") records reflect that the Social Security Number Martinez listed with JP Morgan Chase is not a valid Social Security Number assigned to her. Moreover, Martinez does not have a work history under her Mexico passport or residence addresses. TWC records do not reflect a wage earning history for Garcia based on his known addresses.

14. The United States alleges the funds used to purchase the Defendant Property constitute or are derived from proceeds traceable to specified unlawful activity, 18 U.S.C. § 2113(b) (bank robbery); and the financial transaction made to purchase the Defendant Property, involved proceeds from specified unlawful activity that exceed $10,000, in violation of 18 U.S.C. § 1957, so the Defendant Property itself

is involved in money laundering.

15.     Under the totality of the circumstances, it is believed the Defendant Property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) as property which constitutes or is derived from proceeds traceable to specified unlawful activity; and under 18 U.S.C. § 981(a)(1)(A) as property involved in, or traceable to, money laundering.

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED if you assert an interest in the property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  The verified claim must be filed no later than 35 days from the date this Complaint was sent to you in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official internet government forfeiture site, in accordance with Rule G(5)(a)(ii)(B).

An answer or a motion under Fed. R.Civ.P. 12 must be filed no later than 21 days after filing the claim.  The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, and a copy must be served upon the undersigned Assistant United States Attorney at the address provided in this Complaint.

The United States will serve notice, along with a copy of the Complaint, on the property owners and on any other persons who reasonably appear to be potential

claimants.

## RELIEF REQUESTED

The United States seeks a final judgment, pursuant to 18 U.S.C. § 981(a)(1)(C) and 981(a)(1)(A), forfeiting the Defendant Property to the United States and requests any other relief to which the United States may be entitled.

        Respectfully submitted,

        RYAN K. PATRICK
        United States Attorney

        s/Abe Martinez
        Abe Martinez
        Assistant United States Attorney
        United States Attorney's Office
        Southern District of Texas
        1000 Louisiana, Suite 2300
        Houston, TX 77002
        (713) 567-9349 (office)
        abe.martinez@usdoj.gov

## VERIFICATION

I, Joel Pena, a Special Agent employed by the United States Federal Bureau of Investigation, declare under the penalty of perjury, as provided by 28 U.S.C. §1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated are based upon either my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation. Those facts are true and correct to the best of my knowledge and belief.

Executed on the 12th day of August 2019.

Joel Pena
Special Agent
Federal Bureau of Investigation